UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BRUCE BERNARD TOWNSEND,

Movant,

v.                4:10-cv-287

UNITED STATES OF AMERICA,

Respondent.

## ORDER

Bruce Bernard Townsend filed this 28 U.S.C. § 2255 motion challenging this Court's revocation of his supervised release. *See* Doc. 1. The Government moved to dismiss on the merits. *See* Doc. 24. The Magistrate Judge directed the Government to brief Townsend's claim that he wanted to appeal directly but that his attorney failed to do so. *See* Doc. 29 at 4. The Magistrate Judge also ordered the Government to brief the issue of mootness. *See id.* at 4 n.5.

In response, the Government conceded that Townsend is entitled to an appeal. *See* Doc. 32 at 3. The Government also stated that this case is not yet moot because Townsend's projected date of release from prison is July 16, 2012. *See id.*

The Magistrate Judge has issued a Report and Recommendation ("R&R") determining that this matter is effectively moot in light of the "practical realities of the appellate process." *See* Doc. 33 at 3. The Magistrate Judge reasoned that the Eleventh Circuit almost certainly would not be able to resolve Townsend's case before July 16, 2012. *See id.* The Magistrate Judge also considered the burden that appointment of counsel on appeal would place on taxpayers. *See id.* Accordingly, the Magistrate Judge recommended that this matter be deferred to this Court for plenary review. *See id.*

Notwithstanding practical realities and financial burdens, the case is not yet moot. It is not for this Court to say whether the Eleventh Circuit will be able to consider this matter before Townsend is released.

A habeas petitioner claiming ineffective assistance of counsel must demonstrate both deficient performance of counsel and prejudice to the outcome of the proceedings. *Strickland v. Washington*, 466 U.S. 668, 687, 697 (1984).

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known.

*Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

Here, Townsend is entitled to habeas relief. Townsend pled not guilty to

allegations that he violated his supervised release. *See United States v. Townsend*, 4:98-cr-106, Doc. 779 (S.D. Ga. Feb. 16, 2010). Upon having the supervised release portion of his sentence revoked, Townsend indicated his discontent by filing an objection to his sentence a mere two days after receiving it on the basis that it exceeded the upper level of his advisory guideline range. *See id.*, Doc. 781. Despite Townsend's objection, Townsend's counsel failed to consult with Townsend about an appeal. *See* Doc. 32-1 at 2. There is a reasonable probability that, had Townsend's counsel consulted Townsend about an appeal, Townsend would have timely appealed. The Government agrees that Townsend's attorney rendered ineffective assistance and that Townsend is entitled to an out-of-time appeal. *See* Doc. 32 at 3.

Accordingly, the Court *ADOPTS* the R&R deferring the matter to this Court and determines that Townsend is entitled to an out-of-time appeal. The Eleventh Circuit has established a procedure for district courts to follow upon allowing out-of-time appeals as a § 2255 remedy:

> (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i).

*United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000). Accordingly, the Court *VACATES* Townsend's Judgment for Revocation of Supervised Release in his criminal case. *See Townsend*, 4:98-cr-106, Doc. 780. The Court *ORDERS* the Clerk of the Court to enter a new Judgment imposing the same terms as originally imposed, identical in all respects to the original Judgment, save only for the date of entry.

The Court specifically advises Townsend that the entry of the new judgment creates a fourteen-day period within which Townsend may prosecute a direct appeal of his criminal conviction. Thus, Townsend has fourteen (14) days from the date of the reimposition of his sentence to file a timely appeal. *See* FED. R. APP. P. 4(b)(1)(A)(i). The Clerk is *DIRECTED* to make arrangements for the appointment of counsel.

This 14th day of June 2012.

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA